UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIELLE McMAHON,

|  | **REPORT** |
|---|---|
| Plaintiff, | **and** |
| v. | **RECOMMENDATION** |
| CREDEX AMERICA, INC., | 06-CV-00845A(F) |
| Defendant. | |

---

APPEARANCES:   LAW OFFICES OF KENNETH HILLER
Attorney for Plaintiff
KENNETH R. HILLER,
AMANDA R. JORDAN, of Counsel
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

POPE LAW FIRM PLLC
Attorney for Defendant
GREGORY A. POPE,
PHILIP A. MILCH, of Counsel
5500 Main Street
Suite 107
Williamsville, New York 14221

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara on January 24, 2007, for pretrial matters including report and recommendation on dispositive motions. The matter is presently before the court on Plaintiff's motion for partial summary judgment (Doc. No. 16), filed July 15, 2008, and on Defendant's cross-motion for summary judgment (Doc. No. 19), filed August 19, 2008.

## BACKGROUND

Plaintiff Danielle McMahon ("McMahon" or "Plaintiff"), commenced this action on December 21, 2006, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA"), by Defendant Credex America, Inc. ("Credex" or "Defendant"). In particular, Plaintiff alleges that Plaintiff's post-dated checks, made payable to Defendant in settlement of a debt Plaintiff admits owing, were deposited by Defendant prior to the anticipated deposit date, causing Plaintiff's checking account to be without sufficient funds, resulting Plaintiff's banking institution assessing overdraft fees against Plaintiff. Defendant's answer (Doc. No. 5) was filed on January 31, 2007.

On July 15, 2008, Plaintiff filed the instant motion seeking partial summary judgment (Doc. No. 16) ("Plaintiff's motion") on the issue of Defendant's liability for violations of the FDCPA. The motion is supported by the attached Affirmation of Kenneth R. Hiller, Esq. ("Hiller Affirmation"), a Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Memorandum"), and exhibits A through L ("Plaintiff's Exh(s). ___").

On August 19, 2008, Defendant filed a cross-motion for summary judgment (Doc. No. 19) ("Defendant's motion"). The motion is supported by the attached Affidavit of Credex President Thomas Roop ("Roop") (Doc. No. 19) ("Roop Affidavit"), with attached exhibits A through C ("Defendant's Exh(s). __"). Defendant's opposition to Plaintiff's motion, also filed on August 19, 2008 (Doc. No. 20), consists of papers identical to those submitted in support of Defendant's motion, including the Roop Affidavit, and Defendant's Exhs. A through C.

In further support of Plaintiff's motion, and in opposition to Defendant's motion,

Plaintiff filed on September 24, 2008, Plaintiff's Reply Memorandum of Law (Doc. No. 23) ("Plaintiff's Reply"). In further support of Defendant's motion, Defendant filed on October 6, 2008, the Affidavit of Philip A. Milch, Esq. ("Milch") (Doc. No. 24) ("Milch Affidavit"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion (Doc. No. 16) should be GRANTED; Defendant's motion (Doc. No. 19) should be DENIED.

## FACTS[1]

On October 9, 2004, the Buffalo Athletic Club ("the Club"), assigned to Defendant, a debt collection agency, a debt incurred by Plaintiff to the Club, for collection from Plaintiff on the Club's behalf. In late September 2006, Plaintiff agreed to pay Defendant $ 609 in full satisfaction of the debt. On October 2, 2006, Defendant's employee, Bob Kaderabeck ("Kaderabeck"), a debt collector, contacted Plaintiff by telephone to arrange for Plaintiff's payment in accordance with the settlement agreement. During the telephone conversation, Plaintiff authorized Kaderabeck to create and submit to Plaintiff's banking institution, three post-dated checks to be drawn on Plaintiff's personal checking account. The checks, which were to be prepared by Defendant in accordance with its agreement with Plaintiff, were to be made payable to Defendant in the amount of $ 203, and dated October 31, 2006, November 30, 2006 and December 29, 2006.

Between October 2, and October 5, 2009, Defendant, based on the information

---

[1] Taken from the pleadings and motion papers filed in this action.

provided by Plaintiff, and in accordance with the settlement agreement, prepared and printed the first of Plaintiff's three post-dated checks, post-dated October 31, 2006 ("the first check"). On October 5, 2009, without any prior notice to Plaintiff, Defendant submitted the first check for payment to Plaintiff's banking institution. Because Plaintiff was unaware that Defendant had submitted the first check for payment, Plaintiff did not maintain sufficient fund in her checking account to cover payment of the check. As a result, the first check, as well as several other checks Plaintiff had drawn against her checking account, were returned for insufficient funds, resulting in an assessment of $ 477 in overdraft fees against Plaintiff's account. On October 13, 2006, Plaintiff telephoned Defendant, advised Defendant that the first check had been prematurely submitted for payment, and demanded Defendant have the transaction reversed, but Defendant refused to do so. Defendant maintains it offered to reimburse Plaintiff for any damages incurred as a result of the unintentional early deposit of the first check, but that Plaintiff never provided any itemization of her damages as Defendant requested. This action followed.

## DISCUSSION

1.    **Summary Judgment**

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991). The party

moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322. Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

In the instant case, Plaintiff moves for partial summary judgment on the issue of Defendant's liability under the FDCPA, asserting that Defendant failed to have in place reasonable procedures required under the FDCPA to avoid the type of error that occurred here. Plaintiff's Memorandum at 10. Defendant seeks summary judgment on the action in its entirety, arguing the premature presentation of the first check to Plaintiff's banking institution for payment was a *bona fide* error for which Defendant is not liable under the FDCPA. Roop Affidavit ¶ 24.

Plaintiff specifically alleges that Defendant, by submitting the first check, post-dated October 31, 2006, for payment on October 5, 2006, violated 15 U.S.C. § 1692f (2) and (4). As relevant, 15 U.S.C. § 1692 ("§ 1692"), provides

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * * *
>
> (2)    The acceptance by a debt collector from any person of a check or other

> payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
>
> * * * *
>
> (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

15 U.S.C. § 1692f(2) and (4).

The parties do not dispute that Plaintiff states a claim under 15 U.S.C. § 1692f (2) and (4), and that Plaintiff is a "consumer" and Defendant is a "debt collector" as defined under the FDCPA. Plaintiff's Memorandum at 3-4; Roop Affidavit ¶¶ 3-4. Nor does Defendant deny that it did violate 15 U.S.C. § 1692f (2) and (4) by submitting for payment Plaintiff's first post-dated check prior to the date of such check and without notice to Plaintiff, causing Plaintiff's bank account to be without sufficient funds to cover payment of the first check, and resulting in overdraft fees assessed to Plaintiff by her banking institution. Roop Affidavit ¶¶ 9-10. The parties also agree that Defendant's violations of the FDCPA were unintentional. Plaintiff's Memorandum at 6; Roop Affidavit ¶¶ 9-10, 16-18. Rather, in dispute is whether Defendant maintained the requisite "reasonable" procedures to prevent violations of the FDCPA in accordance with 15 U.S.C. § 1692k (c), Plaintiff's Memorandum at 6-7, as well as whether Defendant's early depositing of Plaintiff's first check was a *bona fide* error excusing Defendant from liability under the FDCPA, Plaintiff's Memorandum at 7-9.

## 2. Procedures and *Bona Fide* Error

According to Plaintiff, Defendant's failure to maintain the requisite procedures to avoid the error that resulted in the damages Plaintiff alleges precludes Defendant from establishing that the early submission of the first check for payment was a *bona fide* error preventing liability under the FDCPA against Defendant. *Id*. at 6-9. Defendant argues in opposition that despite maintaining a standard procedure for handling post-dated checks like those at issue, Plaintiff's first check erroneously was placed into a tickler file for the wrong deposit date. Roop Affidavit ¶¶ 13-20. In further support of her motion, Plaintiff states that Defendant failed to dispute that Defendant's procedures for handling post-dated checks is not in writing, that the two employees involved in handling post-dated checks did not understand their duties in handling such checks, and that the same two employees testified at their respective depositions that the other employee was responsible for ensuring post-dated checks were not prematurely submitted for payment, demonstrating Defendant lacked a consistent internal policy applicable to Defendant's handling a debtor's post-dated check. Plaintiff's Reply at 1-3.[2] In further opposition to Plaintiff's motion, and in further support of Defendant's motion, Defendant asserts that Plaintiff failed to submit any evidence disputed Defendant's version of the facts surrounding the erroneous premature depositing of Plaintiff's first post-dated check, and that the allegations contained in the Roop Affidavit therefore should be

---

[2] In support of this assertion, Plaintiff references, *inter alia*, the deposition testimony of one Deb Zumda ("Zumda"), a secretary at Credex, and its Statement of Material Facts. Plaintiff's Memorandum at 1-3; Hiller Affirmation ¶¶ 2.F, and 5. Portions of the transcript of Zumda's deposition testimony are filed as Plaintiff's Exh. F, however, the filed portions of Zumda's deposition testimony do not contain any statements supporting Plaintiff's argument that Zumda gave deposition testimony regarding Defendant's procedures for handling post-dated checks of debtors that is inconsistent with Roop's deposition testimony on the same issue. Nor did Plaintiff file a Statement of Material Facts.

deemed true. Milch Affidavit ¶¶ 8-9.

As stated, the parties agree that Defendant's violations of the FDCPA were unintentional. Plaintiff's Memorandum at 6; Roop Affidavit ¶¶ 9-10, 16-18. As such, the only issues disputed are whether Defendant maintained the requisite "reasonable" procedures to prevent violations of the FDCPA, Plaintiff's Memorandum at 6-7, as well as whether Defendant's early depositing of Plaintiff's first check was a *bona fide* error excusing Defendant from liability under the FDCPA, Plaintiff's Memorandum at 7-9.

Pursuant to 15 U.S.C. § 1692k,

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692(k)(c).

The Defendant asserting the *bona fide* error defense has the burden of establishing, by a preponderance of the evidence, both that the FDCPA violation was unintentional, and that such violation was a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *Johnson v. Equifax Risk Management Services*, 2004 WL 540459, *9 (S.D.N.Y. 2004). In the instant case, Defendant has failed to establish it maintained the requisite procedures to avoid the error alleged by Plaintiff.

In particular, in support of Defendant's argument that Defendant maintained procedures reasonably adapted to avoid the type of error on which the instant litigation is predicated, Defendant submits the deposition testimony of Roop ("Roop Deposition Tr. at __") (Defendant's Exh. C, Doc. No. 19-5), in which Roop describes Defendant's

procedures for ensuring that a post-dated check is not inadvertently deposited earlier than the check's post-date. Roop Deposition Tr. at 32. Roop testified that the computer software used by Defendant to create the authorized post-dated checks prints such checks and keeps a log of each check, including the date the checks are to be deposited. *Id*. at 32-33. Post-dated checks are only printed by Defendant, in accordance with the authority to do so previously granted by the debtor, during the month in which they are to be deposited, *id.* at 33-34, and then are filed in a 31-slot filing box, with a separate slot for each day of the month. *Id*. at 35. After printing a post-dated check, Defendant places the check into the number slot corresponding to the date of the month on which the check is to be deposited. *Id*. at 35-36. Each day, Defendant's secretary, Deb Zumda ("Zumda"), is responsible for taking any post-dated checks out of the filing box slot, the number on which corresponds with the day of the month, and submitting those checks for deposit into Defendant's bank account. *Id*. at 36-37.

These procedures, however, fail to explain how Plaintiff's first check, post-dated October 31, 2006, was included in Defendant's October 5, 2006 deposit. Although Defendant speculates that Plaintiff's first check was mis-filed in the wrong filing box-slot, Roop Affidavit ¶ 16, or may have become stuck to another check when printed, *id.*, Defendant fails to describe any procedures that could have prevented such an error, such as having Zumda, or another employee, check each day's deposit to ensure that no post-dated checks were being deposited prior to the stated date, or that there was any procedure to reconcile the total of the day's deposit of post-dated checks with the log of such checks created by the aforementioned computer software program. In fact, Roop's description of Defendant's procedures does not include any provision for

assuring no post-dated check is deposited prior to the intended date. Further, although Plaintiff failed to submit the pertinent portions of Zumda's deposition testimony, Discussion, *supra*, at n. 2, Defendant does not dispute Plaintiff's assertion that Roop and Zumda gave conflicting testimony regarding Defendant's procedures for handling post-dated checks.

As such, Defendant has failed to establish, as a matter of law, that it maintained "procedures reasonably adapted to avoid any such error" as required for application of the *bona fide* error exception under 15 U.S.C. § 1692k(c). Summary judgment on the issue of Defendant's liability under the FDCPA should be GRANTED in favor of Plaintiff and DENIED as to Defendant.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion for partial summary judgment on the issue of Defendant's liability under the Act (Doc. No. 16) should be GRANTED; Defendant's cross-motion for summary judgment (Doc.No. 19) should be DENIED. The matter should proceed to trial only on the issues of damages.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 24, 2009
Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 24, 2009
           Buffalo, New York