UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIELLE McMAHON,

                            Plaintiff,

          v.                                    DECISION AND ORDER
                                                       06-CV-845A

CREDEX AMERICA, INC.,

                            Defendant.

---

        The plaintiff brought this case alleging that the defendant violated her rights under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 ("FDCPA"). This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), for pretrial proceedings. On July 15, 2008, plaintiff filed a motion for summary judgment and on August 19, 2008, defendant filed a cross-motion for summary judgment.

        On September 24, 2009, Magistrate Judge Foschio issued a report and recommendation recommending that plaintiff's motion for summary judgment be granted and the defendant's motion be denied.

        Defendant filed timely objections to the report and recommendation and the plaintiff filed a response in opposition. On December 15, 2009, the Court heard oral argument on the objections.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the report and recommendation to which objections have been made. Upon a de novo review, and after reviewing the submissions and hearing argument from the parties, the Court declines to adopt Magistrate Judge Foschio's recommendation and finds that a material issue of fact exists as to whether the defendant is entitled to the bona fide error defense set forth in 15 U.S.C. § 1692k.[1]

Upon a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). The issue in dispute here is whether the defendant is entitled to the bona fide error defense based upon its inadvertent deposit of a post-dated check from the plaintiff. There is no dispute that the defendant deposited plaintiff's post-dated check (dated October 31, 2006) on October 5, 2006, and did so without the plaintiff's permission. However, the defendant asserts that it did so inadvertently and contrary to established procedures intended to prevent that from happening.

The bona fide error defense is set forth in 15 U.S.C. § 1692k and provides:

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of

---

[1] Familiarity with Magistrate Judge Foschio's report and recommendation is presumed.

> evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

*See* 15 U.S.C. § 1492k(c). As the Magistrate Judge correctly noted, in order to be entitled to the bona fide error defense, a defendant's alleged violation of the Act must have been "unintentional" and must have "resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." *Id.* Accordingly, to avail itself of the defense, the defendant must show: (1) the alleged violation was unintentional, (2) the alleged violation resulted from a bona fide error, and (3) the bona fide error occurred despite procedures designed to avoid such errors. *See Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir.2006); *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir.2005).

In support of its claim of bona fide error, the defendant asserts that its error was unintentional and that it occurred notwithstanding the existence of a "tickler" system that the defendant maintained to ensure that post-dated checks were not deposited before the intended date. Defendant presented evidence indicating that when it receives a post-dated check, the check is placed in an expandable file containing 31 slots, each slot representing a day of the month. The check is placed in the slot corresponding to the date it is to be deposited. When the day for deposit arrives, a person from the defendant's office takes the checks, examines them, records each check individually on a deposit slip, and deposits

3

them with the bank. It is undisputed that the procedure failed in this case and that plaintiff's check was mistakenly deposited on October 5th, rather than the date intended. The defendant does not know how the error happened, but speculates that the plaintiff's check may have been misfiled. As soon as the defendant learned of the mistake, it offered to reimburse the plaintiff for any expense incurred. Plaintiff failed to respond to that offer and filed the instant lawsuit instead.

The defendant asserts that it has used this procedure for 10 years to process between 1,200 to 2,400 checks per year and this is the first time a check was inadvertently deposited ahead of schedule.

The Court finds that a material question of fact exists as to whether the defendant has established its entitlement to the bona fide error defense by a preponderance of the evidence. Viewing the facts in the light most favorable to the non-moving party, and considering the defendant's claim that it has used the "tickler" procedure for 10 years to deposit thousands of checks and the instant case was the first time that a post-dated check had been deposited improperly, a jury could find that the procedure employed by the defendant was reasonably adopted to avoid the error of prematurely depositing post-dated checks.

Accordingly, the Court declines to adopt the Magistrate Judge's report and recommendation and denies both motions for summary judgment. The parties

are directed to appear in Court on January 5, 2010, at 9:00 a.m. for a meeting to set a trial date.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: December 22, 2009